# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. FRANCIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. GILL, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-00748-AWI-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>AMENDED COMPLAINT DUE WITHIN TWENTY ONE DAYS |

**I.　Procedural History**

John D. Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2012, Plaintiff filed his original complaint which is currently before the Court. Doc. 1.

**II.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III.     Plaintiff's Complaint

Plaintiff is currently a state prisoner California State Prison, Corcoran in (CSPC) in Corcoran, California. The events central to Plaintiff's complaint occurred while he was incarcerated at CSPC. Doc. 1. In the complaint, Plaintiff names the following as a defendant in this action: 1) The Federal Receiver;[1] 2) R. Gill (D.O.); 3) Warden of CSPC; 4) J. Yu (D.O.); 5) Eger Clark (M.D.); 6) C. McCabe (M.D.); 7) W. Ulit (M.D.); 8) B. Burr; 9) L. Karen (M.D.); 10) J. Ruff (Psychologist); 11) Jeffrey J. Wang (C.M.O.); 12) Teresa Macias (C.E.O); and 13) all the doctors on the Mars Committee in July 2010 and October 2011. Doc. 1 at 2. Plaintiff seeks monetary damages and injunctive relief. Doc. 1 at 5.

Plaintiff states in his complaint that the warden of CSPC and the federal receiver are responsible for the medical treatment of prisoners under *Plata* and *Armstrong* and are violating the Fifth, Eighth and Fourteenth Amendments of the constitution in failing to carry out their duties. Doc. 1 at 5. According to Plaintiff, Defendants Gill, Yu, Clark, McCabe, Ulit, Burr, Karen, Ruff, Wang, and Macias failed in their duties to guarantee due process under the Fifth, Eighth and Fourteenth Amendments. Doc. 1 at 5. Plaintiff alleges that CSPC medical employees showed deliberate indifference by refusing to treat Plaintiff with proper pain medication. Doc. 1 at 3, 5.

---

[1] The Court takes judicial notice that J. Clark Kelso is the federal receiver.

Plaintiff alleges that there is a custom or policy of "not allowing patients to have class A narcotics" and disallowing "strong pain medications" to be dispensed. Doc. 1 at 3. According to Plaintiff, Defendants Gill, Yu, Clark, McCabe, Ulit, Burr, Karen, Ruff, Wang, Macias and all the doctors on both Mars committees all knew of Plaintiff's complaints of severe pain that went untreated but failed to do anything. Doc. 1 at 3. Plaintiff alleges that all the named defendants have created a conspiratorial custom and policy at CSPC to not medicate with "Class A narcotics" and other high pain medications. Doc. 1 at 3-4. According to Plaintiff, such a practice is not an accepted by the California Medical Association or by any other governmental authority. Doc. 1 at 4.

## IV.   Legal Standard and Analysis

### A.   Rule 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.

#### 1.   Analysis

Plaintiff's vague factual allegations and legal conclusions fail to comply with Rule 8(a). Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

### B.   Eighth Amendment Deliberate Indifference of medical treatment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was

medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### 1. Analysis

Plaintiff's vague and conclusory allegations fail to demonstrate that any of the listed defendants specifically knew of Plaintiff's medical need and deliberately failed to address Plaintiff's medical need. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff merely lists thirteen defendants and states that they all knew of his pain and chose to ignore it. Such is insufficient to state an Eighth Amendment deliberate indifference claim. Additionally, Plaintiff states that Defendants refused to treat Plaintiff with "proper pain medication." Doc. 1 at 3, 5. Plaintiff's disagreement with the type of pain medication that is prescribed amounts to a difference in medical opinion and such is inefficient to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242. Additionally a policy of "not allowing patients to have class A narcotics" and instead using alternate pain medications is an exercise of medical judgement amounting to a difference in medical opinion and fails to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242.

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 1. Analysis

Although Plaintiff lists 1) The Federal Receiver; 2) R. Gill (D.O.); 3) Warden of CSPC; 4) J. Yu (D.O.); 5) Eger Clark (M.D.); 6) C. McCabe (M.D.); 7) W. Ulit (M.D.); 8) B. Burr; 9) L. Karen (M.D.); 10) J. Ruff (Psychologist); 11) Jeffrey J. Wang (C.M.O.); 12) Teresa Macias (C.E.O); and 13) all the doctors on the Mars Committee in July 2010 and October 2011 as a defendants in the action, Plaintiff fails to explain what specific act or omission each defendant did to cause the constitutional deprivation. Plaintiff alleges that Defendants repeatedly ignored Plaintiff's pain needs, however, Plaintiff needs to specify: 1) when and how each individual was aware of Plaintiff's serious medical need; and 2) what specific act or omission each individual did or failed to do at what times.

## V. Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the

prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 17, 2012, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     November 2, 2012                                    _____
                                                                UNITED STATES MAGISTRATE JUDGE