# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN D. FRANCIS,

Plaintiff,

v.

R. GILL, et al.,

Defendants.

CASE NO. 1:12-cv-00748-AWI-GBC (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED
(Doc. 9)

FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM
(Doc. 14)

OBJECTIONS DUE IN FIFTEEN DAYS

______________________________________/

## I. Procedural History

John D. Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2012, Plaintiff filed his original complaint. Doc. 1. On May 24, 2012, Plaintiff filed a motion for preliminary injunctive relief. Doc. 9. On November 2, 2012, the Court screened the complaint and dismissed with leave to amend. Doc. 12. On November 15, 2012, Plaintiff filed the first amended complaint which is currently before the Court. Doc. 14.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III. Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Pleasant Valley State Prison (PVSP) in Coalinga, California. The events central to Plaintiff's complaint occurred while he was incarcerated at California State Prison, Corcoran in (CSPC) in Corcoran, California.. Doc. 1; Doc. 14. In the complaint, Plaintiff names the following as a defendant in this action: 1) The Federal Receiver;[1] 2) R. Gill (D.O.); 3) Warden of CSPC; 4) J. Yu (D.O.); 5) Eger Clark (M.D.); 6) C. McCabe (M.D.); 7) W. Ulit (M.D.); 8) B. Burr; 9) L. Karen (M.D.); 10) J. Ruff (Psychologist); 11) Jeffrey J. Wang (C.M.O.); 12) Teresa Macias (C.E.O); and 13) all the doctors on the Medical Authorization Review (MAR) Committee in July 2010 and October 2011. Doc. 1 at 2; Doc. 14 at 3. As relief, Plaintiff asks the court to order that Plaintiff be examined by a pain specialist and order the CDCR to not give Plaintiff medication only to take it away to leave Plaintiff to suffer severe pain and muscle spasms. Doc. 14 at 3. Plaintiff also seeks damages for pain, suffering and mental anguish. Doc. 14 at 3.

[1] The Court takes judicial notice that J. Clark Kelso is the federal receiver.

Plaintiff alleges that the warden of CSPC and the federal receiver are responsible for the actions of the doctors. Doc. 14 at 3. According to Plaintiff, Defendant Gill gave Plaintiff "Class A" drugs to treat Plaintiff's back and neck. Doc. 14 at 3. Then the drugs were taken away from Plaintiff for no medical reason. Doc. 14 at 3. Plaintiff states that Defendant McCabe knows the extent of Plaintiff's injuries and has refused to treat Plaintiff and allows Plaintiff to endure severe pain. Doc. 14 at 3. According to Plaintiff, Defendant Ulit has given Plaintiff "Class A" drugs periodically to decrease the pain and then denied the drugs for no medical reason, which left Plaintiff in severe pain. Doc. 14 at 3. Plaintiff alleges that Defendant Burr has access to inmates' medical records during the appeals process and has denied all of Plaintiff's grievances and as a result, left Plaintiff in constant and severe pain. Doc. 14 at 3. Defendant Karen also denied Plaintiff's grievances without examining Plaintiff regarding his severe pain. Doc. 14 at 3. Defendant Ruff was a part of the MAR committee and he refused Plaintiff's request for strong pain medication which resulted in Plaintiff suffering pain. Doc. 14 at 3. Defendant Wang also refused to give "Class A" pain medication although all of the other pain medications have failed and Defendant Wang denied Plaintiff's 602 grievances without investigating the facts upon which he relied. Doc. 14 at 3. Plaintiff alleges that on numerous occasions, Defendant Macias denied Plaintiff's 602 grievances regarding Plaintiff's pain and denied these grievances without investigating the facts. Doc. 14 at 3. The denial of these grievances have left inmate in severe pain. Doc. 14 at 3. The doctors on the MAR committee took away Plaintiff's pain medication for no medical reason and left Plaintiff in severe pain. Doc. 14 at 3.

## IV. Legal Standard and Analysis

### A. Eighth Amendment Deliberate Indifference of medical treatment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

**1. Analysis**

Plaintiff's vague and conclusory allegations fail to demonstrate that any of the listed defendants specifically knew of Plaintiff's medical need and deliberately failed to address Plaintiff's medical need. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff merely lists the defendants and states that they all knew of his pain and denied allowing him "Class A" pain medication when the other pain medication. Plaintiff insists that the pain medication that he is being treated with is insufficient and that the only medication that can treat his pain is the "Class A" pain medication. Plaintiff's disagreement with the type of pain medication that is prescribed amounts to a difference in medical opinion and such is insufficient to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242. Additionally a policy of not allowing patients to have "Class A" narcotics and instead using alternate pain medications is an exercise of medical judgement amounting to a difference in medical opinion and fails to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242.

**B. Class Action Membership**

Plaintiff alleges that the federal receiver is responsible for the denial of Plaintiff's pain medication. Doc. 14 at 3. Assuming Plaintiff is correct that Plaintiff states a medical claim, he would be a class member in *Plata v. Schwarzenegger*, No. 3:01-cv-01351-TEH (N.D. Cal. filed 2001). The *Plata* class action involves the same subject matter of Plaintiff's allegations regarding the systematic adequacy of medical care and policies.

The class in *Plata* includes all current and future California inmates requiring medical care under the medical care system operated by the CDCR. Plaintiffs claimed that the CDCR is providing constitutionally deficient medical care in violation of the Eighth Amendment, and that the current systems and resources cannot properly care for and treat the prisoners in custody. *See Webb v. Schwarzenegger*, No. 3:07-cv-2294-PJH, 2012 WL 163012 (N.D. Cal., Jan. 19, 2012) (summarizing applicable prisoner class actions).

Having reviewed Plaintiff's allegations, the Court concludes that Plaintiff's allegations

seeking injunctive relief involves the very same claims being litigated in the *Plata* class actions. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. *Crawford v. Bell*, 599 F.2d 890, 983 (9th Cir.1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); *Webb v. Schwarzenegger*, No. 3:07-cv-2294-PJH, 2012 WL 163012 (N.D. Cal., Jan. 19, 2012) (citing *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc)). Individual members of the class, like Plaintiff, "may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." *Webb v. Schwarzenegger*, No. 3:07-cv-2294-PJH, 2012 WL 163012 (N.D. Cal., Jan. 19, 2012) (quoting *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988)).

The injunctive relief sought by Plaintiff can be granted only through the class action. *Webb v. Schwarzenegger*, No. 3:07-cv-2294-PJH, 2012 WL 163012 (N.D. Cal., Jan. 19, 2012)(citing *Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir.1988), vacated in part on other grounds, 876 F.2d 1485 (11th Cir.1989); *Gillespie*, 858 F.2d at 1102). Moreover, Plaintiff may not sue for damages in this action solely on the basis that defendants allegedly violated any of the remedial plans.[2] To the extent that plaintiff wishes to seek assistance that he believes is due pursuant to the Armstrong Remedial Plan, plaintiff "must pursue his request via the consent decree or through class counsel." *Crayton v. Terhune*, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

**C. Linkage and Inmate Appeal Liability**

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may

---

[2] The Court notes that given the timely manner in which Plaintiff received a temporary chrono, the remedial plans have not been violated. *See Martin v. Yates*, No. 1:08-CV-01401-CKJ, 2010 WL 5330485 at *6 n.6. (E.D. Cal. Dec. 20, 2010).

not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 675-77; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here.

Plaintiff's conclusory allegation that Defendants Burr, Karen, Ruff , Wang, and Macias denied his medical appeals is insufficient to support a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969. Further, Plaintiff has not stated a viable claim against any other defendants for deliberate indifference of his serious medical need. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

## V. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that

he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "[T]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). 'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A mandatory preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is Plaintiff who bears the burden.

In the Court's above screening of Plaintiff's complaint, the Court concluded that Plaintiff failed to state a claim. Thus, Plaintiff has failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits. Therefore, the Court, in its discretion, recommends denying Plaintiff's motion for a preliminary injunction.

///

///

///

///

**VI. Conclusions and Recommendation**

The Court finds that Plaintiff's amended complaint filed on November 15, 2012, fails to state any Section 1983 claims upon which relief may be granted against the named defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, the Court has provided Plaintiff guidance on how to correct the deficiencies of his complaint and Plaintiff has failed to do so in his amended complaint. Doc. 12; Doc. 14. It is apparent that such deficiencies are not capable of being cured by amendment and, therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the Court HEREBY RECOMMENDS that:

1. That Plaintiff's motion for injunctive relief be denied (Doc. 9); and
2. This action be in its entirety DISMISSED WITH PREJUDICE, for failure to state a claim (Doc. 14).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 30, 2012

UNITED STATES MAGISTRATE JUDGE