**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. FRANCIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GILL, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:12-cv-00748-AWI-SAB (PC)<br><br>ORDER REGARDING FINDINGS AND RECOMMENDATIONS CONCERNING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND WHETHER THE COMPLAINT STATES A CLAIM<br><br>(Docs. 9, 14, & 15) |

**ORDER**

**I.     Background**

　　Plaintiff, John D. Francis ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 on allegations of deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. Plaintiff filed the Complaint in this action on April 17, 2012 which was screened and dismissed with leave to amend.  (Docs. 1, 12.)  On May 24, 2012, Plaintiff filed a motion for temporary restraining order.  (Doc. 9.)  On November 15, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 14.)  On November 30, 2012, a Findings and Recommendation ("the F&R") issued recommending that Plaintiff's motion for temporary restraining order be denied and that the action be dismissed for failure to state a claim.  (Doc. 15.)  For the reasons delineated herein, adoption of the Findings and Recommendation is declined.

/ / /

1

II.     **Temporary Restraining Order**

On May 24, 2012, Plaintiff filed a motion seeking a preliminary injunction requiring prison officials to provide him with adequate medical care. The F&R recommended denying this motion finding that Plaintiff had not met his burden as the moving party, that he failed to state a cognizable claim, and thus failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits. (Doc. 15, F&R, pp. 7-8.)

However, as a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493 (citation and quotation marks omitted); Mayfield, 599 F.3d at 969.

The medical care claims that Plaintiff alleges arise from events which occurred at California State Prison, Corcoran (CSPC). Plaintiff is currently housed at Pleasant Valley State Prison (PVSP). Accordingly, Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at PVSP and cannot show that he is under a threat of suffering at the hands of the Defendants named in this action. Further, to the extent that his motion for temporary restraining order sought relief to remedy his conditions of confinement for the time he was at CSPC, it was rendered moot on his transfer to PVSP. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction is denied, though not on the basis recommended in the F&R.[1]

III.    **The First Amended Complaint**

The Court must screen Plaintiff's pleadings and dismiss if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] As discussed herein below, Plaintiff stated some cognizable claims in the First Amended Complaint.

2

In the First Amended Complaint, Plaintiff names the following as defendants: (1) the Federal Receiver;[2] (2) R. Gill, D.O.; (3) Warden of CSPC; (4) J. Yu, D.O.; (5) Eger Clerk, M.D.; (6) C. McCabe, M.D.; (7) W. Ulit, M.D.; (8) B. Burr; (9) L. Karen, M.D.; (10) J. Ruff (Psychologist); (11) C.M.O. Jeffrey J. Wang; (12) Teresa Macias (Corcoran Hospital C.E.O); and (13) all the doctors on the Medical Authorization Review (MAR) Committee in July 2010 and October 2011. (Doc. 14, 1st AC, pg. 3.) Plaintiff seeks relief via an order that he be examined by a pain specialist and that the CDCR cease giving Plaintiff medication only to take it away which causes him to suffer severe pain and muscle spasms. (Id.) Plaintiff also seeks monetary damages for pain, suffering and mental anguish. (Id.) Only some of Plaintiff's allegations are cognizable or amenable to amendment. Thus, Plaintiff may either choose to proceed on the cognizable claims identified herein, or he may choose to file a second amended complaint to correct the identified deficiencies in some of the claims. However, a few of his claims are not amenable to amendment and the Defendants against whom these claims are raised are dismissed with prejudice.

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (*quoting* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (*citing* McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v.

---

[2] The Court takes judicial notice that J. Clerk Kelso is the federal receiver.

3

1  County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  Plaintiff's allegation of severe enough
2  back and neck pain and muscle spam to warrant Class A pain medications, for screening
3  purposes, presents a serious medical condition.
4        The second prong requires showing:  (a) a purposeful act or failure to respond to a
5  prisoner's pain or possible medical need and (b) harm caused by the indifference.  Wilhelm, 680
6  F.3d at 1122 (*quoting* Jett, 439 F.3d at 1096).  More generally, deliberate indifference "may
7  appear when prison officials deny, delay or intentionally interfere with medical treatment, or it
8  may be shown by the way in which prison physicians provide medical care."  Id. (internal
9  quotation marks omitted).  Under Jett, "[a] prisoner need not show his harm was substantial."
10 Id.; *see also* McGuckin, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in
11 'substantial' harm to the prisoner is not necessary.").

12     **A.**    **Medical Defendants**

13       Plaintiff alleges:  that Defendant Dr. Gill gave Plaintiff "Class A" drugs to treat
14 Plaintiff's back and neck and then took them away for non-medical reasons; that Defendant Dr.
15 McCabe knew the extent of Plaintiff's injuries and refused to treat Plaintiff causing severe pain;
16 and that Defendant Dr. Ulit allegedly gave Plaintiff "Class A" drugs periodically to decrease the
17 pain and then took them away for no medical reason, which left Plaintiff in severe pain.  (Doc.
18 14, 1st AC, pg. 3.)  These allegations state cognizable claims for deliberate indifference to
19 Plaintiff's serious medical needs in violation of the Eighth Amendment against Defendants Dr.
20 Gill, Dr. McCabe, and Dr. Ulit.
21       Plaintiff alleges that Defendant Ruff (psychologist) was a part of the MAR committee and
22 he refused Plaintiff's request for strong pain medication, which left him in severe pain, because
23 Plaintiff "refused class by J. Ruff."  (Id.)  Defendant Ruff's refusal of strong pain medications
24 due to Plaintiff's refusal to attend a class equates to a difference of opinion regarding pain
25 treatment methods, which does not amount to deliberate indifference.  *See* Estelle v. Gamble 429
26 U.S. 97, 107 (1976).  This analysis extends to the MAR committee since Defendant Ruff is the
27 only person Plaintiff identifies as a member of the MAR committee and the refusal of strong pain
28 medications when Plaintiff refused to attend a class by Defendant Ruff is the only action/inaction

4

alleged regarding the MAR committee. Plaintiff's allegations are insufficient to state a cognizable claim against Psychologist Ruff and are not amenable to amendment.

Plaintiff also alleges that the doctors on the MAR committee took away Plaintiff's pain medication for a non-medical reason and left Plaintiff in severe pain. Plaintiff does not explain the process by which the doctors on the MAR committee were involved in his medical care. Plaintiff also does not explain the basis upon which he believes they knew of his condition and acted in deliberate indifference thereto.

Further, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. The MAR committee is not a person for purposes of Section 1983. Plaintiff has failed to allege a sufficient basis to link the unnamed doctors who are on the MAR committee to violations of his constitutional rights and Plaintiff is unable to state a claim against the MAR committee as an amorphous group. Likewise, Plaintiff fails to state cognizable claims against Dr. Yu and/or Dr. Clerk as he fails to link either of them to any of his factual allegations.

Plaintiff's allegations are insufficient to state cognizable claims against the doctors on the MAR committee, Dr. Yu, and Dr. Clerk, though he may be able to correct the deficiencies and is given leave to amend on these claims.

**B.     Supervisory Defendants**

Plaintiff alleges that the Warden of CSPC and the Federal Receiver are responsible for the actions of the doctors that they are in charge of. (Doc. 14, 1st AC, pg. 3.) Plaintiff also alleges that CMO Dr. Wang denied his 602s without conducting an investigation. (Id.)

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim

for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that a supervisory defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. Ashcroft v. Iqbal, 555 U.S. 662, 677, 129 S.Ct. 1937, 1949 (2009). "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." Id. In a claim requiring discriminatory intent, knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. Id. However, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if *condoned* by [supervisors] could be the basis for some inference of wrongful intent on [the supervisors'] part." Id., 55 U.S. at 683 (emphasis added). Further, the Ninth Circuit very recently held that ". . . where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Starr v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011). In such a scenario, the supervisor is "held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." Id.

Thus, Plaintiff's allegation that the Warden of CSPC and the Federal Receiver are responsible for the actions of the doctors that he is in charge of does not state a cognizable claim. Likewise, Plaintiff's allegations against Dr. Wang are not cognizable merely based on his supervisory position.[3]

---

[3] Whether Plaintiff states a cognizable claim against Dr. Wang for his personal actions is subsequently, separately discussed.

1.     **Plata Plan**

Further, Plaintiff may have intended his allegations to state a claim against the Federal Receiver appointed in Plata v. Schwarzenegger, No. 01-1351 TEH, 2005 WL 2932253 (N.D. Cal. Oct. 3, 2005) (i.e. "the Plata Plan") regarding unconstitutional conditions of his confinement.  However, individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter.  McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc).  "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action."  Id.  Any asserted requests for injunctive relief are therefore dismissed.  If Plaintiff wants to complain about a perceived failure to comply with the order in Plata, he may contact the plaintiff's class counsel in Plata.[4]

C.     **Inmate Appeals**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*citing* Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also* Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

---

[4] Counsel for the plaintiff class in Plata is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

7

entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) *citing* Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable, to prove the elements of a constitutional violation purely for the processing and/or reviewing of his inmate appeals. However, Plaintiff may be able to prove the elements for a claim under the Eight Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals and had the ability to give directions/orders to rectify his treatment. If Plaintiff meets his burden of proof as to the elements of a claim against a defendant for deliberate indifference to his serious medical needs (i.e. Drs. Gill, McCabe, and Ulit), he may also be able to meet his burden of proof as to the elements of a claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue.

Further, this Court has found that at least one Appellate Circuit has held that "[o]nce a [non-medical] prison grievance examiner becomes aware of potential mistreatment, the Eight Amendment does not require him or her to do more than 'review [the prisoner's] complaints and

8

verif[y] with the medical officials that [the prisoner] was receiving treatment." Greeno, 414 F.3d at 656 *citing* Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004) (non-physician defendants cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") This Court concurs with the analysis in Greeno and Spruill. Since Plaintiff fails to allege, and there is no basis to infer, that the Warden of CSPC and/or the Federal Receiver have any medical training, he has neither a liberty interest, nor a substantive right that they could have infringed upon. Thus, Plaintiff fails and is unable to state cognizable claims against the Warden of CSPC and/or the Federal Receiver for their actions and/or involvement in reviewing, processing, and/or ruling on his medical inmate appeals.

Plaintiff alleges that Defendant Burr has access to inmates' medical records during the appeals process and has denied all of Plaintiff's grievances, leaving Plaintiff in constant and severe pain. (Doc. 14, 1st AC, pg. 3.) Plaintiff's allegations do not show that Defendant Burr has medical training or knowledge so as to state a cognizable claim against him/her. However, Plaintiff might be able to amend his claim against Defendant Burr to make it cognizable and may do so if he desires.

Also, Plaintiff alleges that on numerous occasions, Defendant Macias, CEO of Corcoran Hospital, denied Plaintiff's 602 grievances regarding Plaintiff's pain and denied these grievances without investigating the facts which left him in severe pain. (Id.) If Plaintiff is intending to state a claim against Defendant Macias, as the CEO of an outside, private hospital, his allegations are not facially plausible since a CEO of a private hospital has no obligation to respond, nor involvement in processing an inmate's grievance. *See* Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969, and is not a state actor for claims under Section 1983 to apply. If, in the alternative, Plaintiff meant to name Defendant Macias as the CEO of the hospital/medical facility in Corcoran State Prison, his claim is also not cognizable since he has not shown that Defendant Macias has medical training or knowledge such that he would not be entitled to rely on the

1  medical personnel who were treating Plaintiff.[5]  However, Plaintiff might be able to amend his
2  claim against Defendant Macias to make it cognizable and may do so if he desires.
3        Plaintiff alleges that Defendant Dr. Karen denied Plaintiff's grievances without
4  examining Plaintiff regarding his complaints of severe pain.  (Doc. 14, 1st AC, pg. 3.)  However,
5  while Defendant Dr. Karen is a physician, Plaintiff does not state any allegations that show
6  Defendant Dr. Karen could not have sufficiently researched/investigated the issues Plaintiff
7  raised in his inmate grievances without personally examining Plaintiff for a failure to do so to
8  amount to deliberate indifference.  Thus, Plaintiff fails to state a cognizable claim against
9  Defendant Dr. Karen, but may amend his allegations if he so desires.
10       Plaintiff alleges that Defendant CMO Dr. Wang refused to give "Class A" pain
11  medication even though all of the other pain medications failed and had been ruled out and that
12  he allegedly denied Plaintiff's grievances without investigating the facts upon which he relied.
13  (Id.)  These allegations, coupled with Dr. Wang's CMO title, imply that Dr. Wang's only
14  involvement in Plaintiff's care was via review of Plaintiff's inmate grievances.  Since Dr. Wang
15  has medical training and the power, as CMO, to change the treatment Plaintiff received, this
16  claim is cognizable.

**IV.    Conclusion**

18       As to his motion for a temporary restraining order, Plaintiff lacks standing and his motion
19  thereon became moot when he was transferred to another facility.
20       As to the First Amended Complaint, Rule 8(a) requires only a short and plain statement
21  of the claim. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 551 U.S. 89, 93 (2007); Alvarez v. Hill,
22  518 F.3d 1152, 1157-58 (9th Cir. 2008).  Plaintiff has stated cognizable Eighth Amendment
23  claims against Defendants R. Gill, D.O., C. McCabe, M.D., W. Ulit, M.D., and CMO Jeffery
24  Wang, M.D. for deliberate indifference to his serious medical needs.  Id.  Plaintiff does not state
25  cognizable claims against the rest of the Defendants named in the First Amended Complaint and
26  Defendants J. Ruff, the Warden of CSPC, and the Federal Receiver are dismissed with prejudice

---

[5] It is noteworthy that Plaintiff identified a different defendant (Dr. Wang) as "CMO," which implies that the "CEO" title he attached to Defendant Macias is not a mistaken identifier.

10

1  as Plaintiff's claims against them are not amenable to amendment.

2  However, Plaintiff is granted leave to file a second amended complaint to cure the deficiencies identified by the Court in this order as to the remaining Defendants, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), or Plaintiff may proceed solely on the cognizable claims in the First Amended Complaint against Defendants R. Gill, D.O., C. McCabe, M.D., W. Ulit, M.D., and CMO Jeffery Wang, M.D. for deliberate indifference to his serious medical needs.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal right so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See* Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that any amended complaint supercedes the original, Lacey v. Maricopa County, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

11

complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (*citing* London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); *accord* Forsyth, 114 F.3d at 1474.

Alternatively, if Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, he must so notify the Court in writing. A recommendation will then issue for dismissal of the other claims and defendants and summonses and USM-285 forms for will be forwarded to Plaintiff for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court declines to adopt the Findings and Recommendations in full;
2. Plaintiff's motion for temporary restraining order, filed on May 24, 2012 (Doc. 9), is DENIED;
3. Plaintiff's First Amended Complaint states cognizable Eighth Amendment claims against Defendants R. Gill, D.O., C. McCabe, M.D., W. Ulit, M.D., and CMO Jeffery Wang, M.D. for deliberate indifference to his serious medical needs in violation of the Eight Amendment;
4. While Plaintiff's allegations in the First Amended Complaint against Defendants J. Yu, D.O., Eger Clerk, M.D., B. Burr, Teresa Macias, CEO, L. Karen, M.D., and the doctors on the MARS committee are not cognizable, he might be able to amend his allegations to state cognizable claims and is given leave to do so in a second amended complaint if he desires;
5. Defendants J. Ruff, the Warden of CSPC, and the Federal Receiver are dismissed with prejudice as Plaintiff's allegations against them are not cognizable and are not amendable to amendment;
6. The Clerk's Office shall send Plaintiff a civil rights complaint form;

7. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only against Defendants R. Gill, D.O., C. McCabe, M.D., W. Ulit, M.D., and CMO Jeffery Wang, M.D. for deliberate indifference to his serious medical needs in violation of the Eighth Amendment;

8. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order; and

9. This matter is referred back to the Magistrate Judge.

IT IS SO ORDERED.

Dated: February 21, 2013

                                          SENIOR DISTRICT JUDGE