UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. FRANCIS,<br><br>          Plaintiff,<br><br>     v.<br><br>GILL, et al.,<br><br>          Defendants. | Case No.: 1:12-cv-00748-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 25] |

Plaintiff John D. Francis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on the first amended complaint, filed on November 15, 2012, against Defendants R. Gill, C. McCabe, W. Ulit, and CMO Jeffrey Wang, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

On August 14, 2013, Defendants filed a motion to dismiss the claims against them for failure to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).[1] Plaintiff did not file an opposition.

**I.**

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion, and the time frame within which to do so. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (ECF No. 25.)

**DISCUSSION**

**A. Motion to Dismiss for Failure to Exhaust**

1. <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Stratton</u>, 697 F.3d at 1008; <u>Morton v. Hall</u>, 599 F.3d 942, 945 (9th Cir. 2010); <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. <u>Jones</u>, 549 U.S. at 223-24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

2. <u>California Department of Corrections and Rehabilitation Inmate Appeals Process</u>

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal

level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

### B. Defendants' Motion to Dismiss For Failure to Exhaust

Defendants submit that during the two years that Plaintiff was incarcerated at California State Prison in Corcoran, he filed 27 health care appeals. (Tercero Decl. ¶ 6.) Fourteen of those appeals concerned medical or pain medication. (Id. at ¶ 7.) Plaintiff exhausted 7 of the appeals. (Zamora Decl. ¶ 5; Exs. 4, 8, 9, 10, 11, 12, 13.)

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-823 (9th Cir. 2010). "[T]he prisoner need only provide the level of detail required by the prison's regulations." As amended on January 28, 2011, the current version, title 15 of the California Code of Regulations 3084.2(a)(3) requires an inmate to "list all staff member(s) involved and shall describe their involvement in the issue" in the inmate's administrative grievance. Cal. Code. Regs. tit. 15, § 3084.2. Prior to the 2011, amendment, the controlling statute-15 Cal.Code Regs. § 3084.2-merely required inmates to complete a CDC Form 602 and "describe the problem and action requested." Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010). Plaintiff has filed grievances both *prior* to 2011 and *after* 2011, therefore, the Court must apply the version of the regulation as it existed at the time the grievance was filed.

Here, as the documents attached to defendants' motion reflect, Plaintiff filed numerous 602 appeals forms concerning the medical care he received. After a thorough review of *all* the inmate grievances filed by Plaintiff, the Court finds it unnecessary to address and analyze each inmate grievance individually, rather it will address and analyze only the relevant grievances sufficient to exhaust as to each named Defendant.

///

///

1.       <u>Defendants Gill and Ulit</u>

Plaintiff alleges that Defendant Dr. Gill gave Plaintiff "Class A" drugs to treat Plaintiff's back and neck and then took them away for non-medical reasons.

Plaintiff alleges that Defendant Dr. Ulit gave Plaintiff "Class A" drugs periodically to decrease the pain and then took them away for no medical reason, which left Plaintiff in severe pain.

The Court has thoroughly reviewed the grievances filed by Plaintiff and finds that he sufficiently exhausted the administrative remedies as to Defendants Gill and Ulit, in appeals 10-02845, 10-02788, and 10-02805. At the time these appeals were submitted in 2010, the California regulations required only that an inmate describe the problem and action requested." <u>Morton v. Hall</u>, 599 F.3d at 946.

In appeal <u>10-02845</u>, Plaintiff expressed that he attempted to explain to staff the severe pain and muscle spasms he was experiencing in his back. He explained he was experiencing muscle spasms and cramps in his neck on the right side, as well as pain in his right shoulder and leg. He believed that nothing was being done. He requested to be given medication for his severe pain and muscle spasms, as well as a new Magnetic Resonance Imaging (MRI) scan. (Defs.' Mot. Ex. 11.)

In appeal <u>10-02788</u>, Plaintiff indicated that he was only prescribed Ultram but he was still experiencing pain in his neck, back, right shoulder, and leg. He requested his severe pain and muscle spasm be addressed, as well as his neck, right leg and shoulder be addressed because he was in constant pain. (Defs.' Mot. Ex. 12.)

In appeal <u>10-02805</u>, Plaintiff indicated that his pain medication ran out and he was not informed beforehand. He stated he was experiencing severe pain and muscle spasms in his back, with nerve damage to his right leg, he was in constant pain in his right shoulder, and he had a bulging disk in his neck at C5-6-7. He did not know his medication was allowed to run out since was supposed to be in chronic care. He requested adequate pain medication. (Defs.' Mot. Ex. 13.)

The relevant prison regulation required Plaintiff only to describe the problem, and these three inmate appeals, at a minimum, described the problem and alerted the prison to the nature of the wrong for which redress now is sought: the ongoing problem with the lack and level of pain medication despite his ongoing suffering.

Based on the Court's finding, it need not determine Defendants' arguments regarding the other eleven appeals relating to medical care filed by Plaintiff.

2. <u>Defendants McCabe and Wang</u>

Plaintiff alleges that Defendant Dr. McCabe knew the extent of Plaintiff's injuries and refused to treat Plaintiff causing severe pain.  Plaintiff alleges that Defendant Dr. Wang refused to give "Class A" pain medication even though all of the other pain medications failed and had been ruled out and that he allegedly denied Plaintiff's grievances without investigating the facts upon which he relied.  As stated in the Court's February 22, 2013, order, [t]hese allegations, coupled with Dr. Wang's CMO title, imply that Dr. Wang's only involvement in Plaintiff's care was via review of Plaintiff's inmate grievances.  Since Dr. Wang has medical training and the power, as CMO, to change the treatment Plaintiff received, this claim is cognizable."  (ECF No. 17 at 10:13-16.)

Defendants McCabe acknowledges that Dr. McCabe signed the first level responses Plaintiff's appeal log numbers 12-49942, 11-49017, 11-48648, and 11-47363. Defendant Wang acknowledges that he signed the second level response appeals 12-49942, 11-49017, 11-47363, and 11-19737.

A review of these appeals reveals that appeal number 11-47363, is sufficient in and of itself to describe the problem and the relief requested against Defendants McCabe and Wang.  In appeal 11-47363, Plaintiff specifically stated that he was in need of a strong medication for the pain and muscle spasms but yet every time an appropriate medication is ordered it is stopped.  (Defs.' Mot. Ex. 7.)  This appeal was reviewed and partially granted by Defendant Dr. McCabe.  However, Plaintiff was dissatisfied because he was in need of stronger medication to address his medical needs.  At the second level, it was determined by Defendant Wang as Chief Medical Officer, that because Plaintiff had an appeal regarding his pain medication pending at the Third Level, the issue of his pain medication would not be addressed in deference to the higher level appeal.  This effectively exhausted this grievance.  <u>See, e.g.</u>, <u>Brown v. Valoff</u>, 422 F.3d 926, 935 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available.").

In a situation such as this, which involves the alleged denial of pain medication over a lengthy period of time involving multiple staff members who were alerted to the problem, the review of the

5

appeals by Defendants McCabe and Wang sufficed to exhaust the claims against them. Plaintiff described the problem (the failure to receive and discontinuation of his proper pain medication) and he sought relief (the renewal of a proper medication for his level of pain). Plaintiff's appeal provided clear notice to the prison of the medical issue upon which his claims in this action are based and it was therefore sufficient. Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012) ("'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (citations omitted.) Defendants' motion to dismiss for failure to exhaust the administrative remedies should be denied.

## II.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss the complaint for failure to exhaust the administrative remedies be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE