UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. FRANCIS,<br><br>        Plaintiff,<br><br>    v.<br><br>GILL, et al.,<br><br>        Defendants. | Case No.: 1:12-cv-00748-AWI-SAB (PC)<br><br>ORDER REGARDING FINDINGS AND RECOMMENDATION; ORDER DENYING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING IT IN PART; AND ORDER REFERRING ACTION TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>[ECF Nos. 25, 26] |

      Plaintiff John D. Francis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 17, 2013, the Magistrate Judge filed a Findings and Recommendation that recommended Defendants' motion to dismiss for failure to exhaust administrative remedies be denied. The Findings and Recommendation was served on the parties and contained notice that objections to the Findings and Recommendation were to be filed within thirty days. Defendants filed objections on November 21, 2013.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the objections, the Court

finds that the Findings and Recommendations should be adopted in part. For those reasons cited in the Findings and Recommendations, the claims against Defendants Gill and Ulit are exhausted.

However, in the objections, Defendants contend that the claims against Defendant McCabe and Wang were not exhausted by appeal 11-47363 because Plaintiff did not list these Defendants in the grievance. "[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and the not the PLRA, that define the boundaries of proper exhaustion." Id. In California, the courts have previously found that CDCR grievances do not need to identify the defendants by name because the proper form and CDCR regulations do not require identification of specific individuals. See, e.g., Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

However, by the time Plaintiff submitted the grievances potentially involving Defendants McCabe and Wang, the CDCR's regulations had been amended. Effective January 28, 2011, the regulations require inmates to identify the staff members involved, and they provide as follows:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal.Code Regs. tit. 15, § 3084.2(a)(3) (2011). Defendants McCabe and Wang were never identified by Plaintiff in the relevant grievances by any of the means provided for in the amended regulation. Therefore, the Court finds Defendants McCabe and Wang are entitled to dismissal.

//

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on October 17, 2013, are adopted in part;
2. Defendants Gill and Ulit's motion to dismiss for failure to exhaust administrative remedies is DENIED;
3. Defendants McCabe and Wang's motion to dismiss for failure to exhaust administrative remedies is GRANTED;
4. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 14, 2014

SENIOR  DISTRICT  JUDGE