UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. FRANCIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GILL, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00748-AWI-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>[ECF No. 33] |

　　　　Plaintiff John D. Francis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed this action on April 17, 2012. On March 14, 2014, the Court issued an order denying in part and granting in part Defendants' motion to dismiss the complaint. On March 24, 2014, the Court's order which was served on Plaintiff was returned as undeliverable with a notation that Plaintiff had "paroled." The Court's subsequent order issued March 24, 2014, which directed Defendants Gill and Ulit to file a further response to the first amended complaint, was also returned as undeliverable to Plaintiff. In addition, the Court's April 28, 2014, discovery and scheduling order issued on Plaintiff was also returned as undeliverable.

　　　　On June 10, 2014, the Court issued an order to show cause, within fourteen days, why the action should not be dismissed for Plaintiff's failure to prosecute the action. More than fourteen days have passed and Plaintiff has failed to respond to the Court's order.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2012, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227.  Further, the opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery phase of the litigation. Id.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. at 1228.

Finally, given the Court's and Defendant's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   July 23, 2014                         _____
                                                SENIOR DISTRICT JUDGE